UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:05-CR-00001-BR

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ) | |
| HUGH WILKERSON ) | |
|         Defendant ) | |

This case is before the court on defendant's motion for early termination of supervised release. The Government filed a response in opposition, and this matter is now ripe for disposition.

In June 2005, after having pled guilty to interference with commerce by robbery and brandishing a firearm in furtherance of a crime of violence, defendant was sentenced to sixty months imprisonment, to be followed by a five-year term of supervised release. Defendant was released from custody on 13 April 2009 and began his supervised release term at that time. Thus, he has served approximately eighteen months of the five-year term.

A court may, after considering the pertinent factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The decision whether to terminate a term of supervised release is within the court's discretion. United States v. Pregent, 190 F. 3d 279, 282 (4th Cir. 1999).

To the court's knowledge, defendant has not violated any of the terms of his supervised

release, and as the government recognizes, he appears to be doing well. However, this, alone, does not merit early termination of his supervised release. See Folks v. United States, No. 1:03CR349, 2010 WL 3310246, at *2 (M.D.N.C. June 14, 2010) ("[E]ven 'model prison conduct and full compliance with the terms of supervised released is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.'" (citing United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)). Having considered all of the relevant factors set forth in section 3553(a), the court finds that the interest of justice does not warrant early termination of defendant's supervise release term.

Defendant's motion is hereby DENIED.

This 27 October 2010.

                                          W. Earl Britt
                                          Senior U.S. District Judge